**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4164**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN MAURICE ANDERSON, a/k/a Mike-Mike, a/k/a Big Mike,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Bruce H. Hendricks, District Judge. (9:23-cr-00460-BHH-1)

Submitted: June 25, 2026                                    Decided: June 29, 2026

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Amy K. Raffaldt, LAW OFFICE OF AMY K. RAFFALDT, Myrtle Beach, South Carolina, for Appellant. Janet Carra Henderson, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Maurice Anderson pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute methamphetamine, fentanyl, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846. The district court sentenced Anderson to 130 months' imprisonment and five years of supervised release.

On appeal, Anderson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the validity of Anderson's guilty plea and appellate waiver and the reasonableness of his sentence. Although informed of his right to do so, Anderson has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver in Anderson's plea agreement. Anderson opposes the motion, arguing that Anderson could not have knowingly waived the right to challenge his sentence because, at the time of his guilty plea, Anderson did not yet know what sentence the district court would impose. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When

a district court questions a defendant during a [Federal] Rule [of Criminal Procedure] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). In addition, because Anderson did not attempt to withdraw his guilty plea, we review any challenge to the validity of the plea for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023); *see United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) (noting this Court may review validity plea even if valid appeal waiver exists).

We conclude that the district court did not err, plainly or otherwise, in accepting Anderson's plea. The district court complied with Rule 11 and properly found that Anderson's plea was knowing, voluntary, and supported by an independent factual basis. *See Taylor-Sanders*, 88 F.4th at 522. Moreover, our review of the record confirms that Anderson knowingly and intelligently waived his right to appeal his conviction and sentence on any ground except for ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law affecting his sentence. We therefore conclude that the appellate waiver is valid and enforceable and that any challenge to the calculation or reasonableness of Anderson's sentence, including the procedural and substantive reasonableness challenge raised by *Anders* counsel, falls squarely within the waiver's broad scope.

In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none. We therefore grant the Government's motion to dismiss and

3

dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Anderson's plea agreement.   Accordingly, we affirm the remainder of the criminal judgment.

This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Anderson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*